IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jason M. Woodall, | ) | CASE NO. 4:25 CV 2574 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Seadje Management LLC, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Background**

*Pro se* Plaintiff Jason M. Woodall, a prisoner in Pennsylvania, has filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1982 against three "limited liability" companies (Seadje Management LLC, Empire Property Management LLC, and Two Guys Investments LLC) and David J. Hrina, who "operates as the president and [performs] other administrative duties for the . . . limited liability" companies. (Doc. No. 1 at 2, ¶ 4.)

Plaintiff's complaint pertains to three land installment and purchase agreements (referred to in the complaint as contracts ##1, 2, and 3) that Plaintiff entered into with the limited liability companies in connection with properties located in Pennsylvania and Ohio. (*Id.* at 3, ¶¶ 2-4.) He contends Hrina failed to "honor or adhere" to the contracts, causing Plaintiff to default and suffer financial losses. (*Id.* at 5, ¶ 8.) As best as the Court is able to discern, the basis for Plaintiff's claims is that Hrina failed to timely open an insurance claim with respect to damage to the property at issue in contract #1 (causing the property to become condemned and demolished) and

refused to allow a third party to assume his payment obligations with respect to contract #3, denying him the right to sell the property. Plaintiff contends "Hrina's repeated malfeasance during the duration of [the] contracts" got stronger once Plaintiff was incarcerated and that Hrina "obviously felt as if he could take advantage of Plaintiff's unfortunate situation." (*Id.* at ¶ 9.) Asserting violation of his rights under 42 U.S.C. § 1982 and state-law, Plaintiff seeks damages and other relief.

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted, and for the following reasons, his complaint is dismissed.

### Standard of Review and Discussion

The standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "but the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic*

-2-

*Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)).

Upon review, the Court finds that Plaintiff's complaint even liberally construed fails to allege a plausible federal claim. Section 1982 ensures that all citizens "shall have the same right ... as is enjoyed by white citizens ... to inherit, purchase, lease, sell, hold, and convey real and personal property." The elements of a claim are: 1) membership in a protected class; (2) discriminatory intent on the part of the defendant; and (3) interference with the rights or benefits connected with the ownership of property. *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004) (citation omitted).

Plaintiff establishes he is a member of a protected class for purposes of the first element of a claim. He states he is a "black/african american and [that] Defendant Hrina is a white/caucasian man." (*Id.* at 5, ¶ 9.) But even assuming his allegations are sufficient to suggest that Hrina impeded or interfered with his rights to purchase or sell property for purposes of the third element of a claim, he has not alleged facts in his complaint sufficient to support a plausible inference that Hrina acted with racially discriminatory intent in doing so.

Other that his assertions that Hrina "dislike[d]" him, acted with "malfeasance" toward him, and took advantage of his incarcerated status for Hrina's own financial gain (*id.*), Plaintiff's only discernible allegations as to Hrina's intent is his assertion that Hrina "displayed . . . racial undertone" by virtue of using the phrase "You folks" in a text message Hrina sent Plaintiff after the property at issue in contract #1 was demolished. (*Id.*) Hrina's text message states: "For the love of God tell me that you folks did not let them demolish the duplex at 410 South Oakland." (Doc. No. 1-12.)

The Court acknowledges that Plaintiff is not required to prove discriminatory intent at the

-3-

pleading stage, but instead, must only allege facts making it plausible that such intent existed. Nonetheless, the Court does not find Hirna's text message, alone and without more, sufficient to support a plausible inference that Hrina acted with discriminatory intent in engaging in the wrongful conduct Plaintiff attributes to him in connection with the parties' contracts.

Although the plausibility standard for stating a claim is not equivalent to a " 'probability requirement,'... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). To survive a dismissal for failure to state a claim, the factual allegations in the pleading "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Plaintiff's allegation that Hrina used the phrase "You folks" in a text message during the parties' course of communications regarding the contracts does not does not permit more than the mere possibility that Hrina acted with discriminatory intent in interfering with rights or benefits Plaintiff had cconnected with the ownership of property. *See, e.g., Green v. Ramsey*, No. 14–cv–4856, 2015 WL 5672990, at *7 (D.Minn. Sept. 24, 2015) (dismissing complaint and finding that plaintiff did not assert sufficient facts to permit a reasonable inference of discriminatory intent on the part of defendants for purposes of § 1982 claim where plaintiff's allegations of discriminatory intent were merely conclusory or took " the form of legal conclusions for which no supporting facts [were] offered"). Here, as in *Green*, Plaintiff's contentions of discriminatory intent fail to rise above the conclusory or speculative level and are

insufficient to support a plausible § 1982 claim.

## Conclusion

Accordingly, Plaintiff's federal § 1982 civil rights complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). There being no viable federal claim in the case, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim for intentional infliction of emotional distress, and dismisses that claim (and any other state-law claim Plaintiff may have against Defendants on the alleged facts) without prejudice to refiling in state court. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2026